# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZYNGA, INC., | Case No. 11-CV-02959-EJD |
| Plaintiff, | **ORDER GRANTING IN PART VOSTU'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| VOSTU USA, INC. et al., | Re: Docket Item Nos. 22, 55 |
| Defendants. | |

Defendants request a temporary restraining order ("TRO") preventing Plaintiff from pursuing its litigation in Brazil against Defendants. The Court has considered the moving papers, declarations, and exhibits presented by all parties. For the reasons discussed below, a TRO will issue. The preliminary injunction hearing is set for Tuesday, August 23, 2011 at 10:00 A.M.

I. BACKGROUND

Plaintiff Zynga, Inc. and Defendants Vostu USA, Inc., Vostu LLC, and Vostu, Ltd. (collectively, "Vostu")[1] both make and host games that people play with their friends on social platforms like Facebook. Zynga filed the instant action on June 16, 2011, claiming that Vostu's

---

[1] Vostu, Ltd. is the parent company of Vostu USA, Inc. and of Vostu LLC, its U.S. subsidiaries. The Complaint also names Vostu, LLC (with a comma) as a defendant, but that entity has transferred all of its assets to either Vostu, Ltd. (according to Kafie Decl. ¶ 3) or to Vostu LLC (no comma) (according to the Mem. P. & A. ISO Ex Parte App. for TRO). Whether or not Vostu LLC and Vostu, LLC are indeed separate entities, they play only a walk-on role in this Order and will therefore be treated as one and the same.
Vostu, Ltd. is also the parent company of Brazil-based Vostu Participações do Brasil Ltda ("Vostu Brazil"), which is not a party to this case.

games infringe the copyrights that Zynga holds in five of its games. Vostu raises a number of affirmative defenses, and counterclaims for declaratory judgment of noninfringement.

On August 2, Zynga initiated an action in Brazil claiming both copyright infringement and unfair competition based on four of the five games at issue here.[2] Without notice, Zynga sought and obtained a preliminary injunction the next day from the Brazilian court ordering the defendants in that action "to cease the use, exhibition, edition, reproduction, distribution, sale, offer for sale, vehicleing or making available" of the four games within 48 hours.[3] Luedtke Decl., Ex. L. Upon learning of the injunction, Vostu Brazil asked the Brazilian court to reconsider. The court declined, but did extend the deadline to comply with the order until August 12. Luedtke Decl., Ex. N.

Vostu asks this Court to enjoin Zynga from proceeding with the litigation in Brazil and from enforcing the Brazilian injunction until the action here is resolved. In the interim, it requests that a TRO with the same effect be entered until the hearing on the preliminary injunction can be held. Though Vostu's TRO application is styled as ex parte, Vostu provided notice to Zynga, and Zynga briefed its opposition.

## II. LEGAL STANDARDS

The sole purpose of a temporary restraining order is to maintain the status quo until the hearing on the application for a preliminary injunction. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

To obtain preliminary injunctive relief, a party ordinarily must demonstrate (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the

---

[2] The Brazilian action names four defendants: Vostu, Ltd., Vostu USA, Inc., Vostu Brazil, and Google's Brazilian subsidiary.

[3] The scope of the Brazilian injunction does not appear to be limited geographically.

2
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO

public interest. Winter v . Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has developed a corollary to this test: a preliminary injunction may be appropriate if there are "serious questions going to the merits" and the balance of the hardships tips sharply in the applicant's favor, so long as the applicant also shows, as Winter requires, that the injunction is in the public interest and that irreparable injury is likely. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052 (9th Cir. 2010). This approach allows for preservation of the status quo where complex legal questions require further inspection or deliberation.

Where the relief sought is to enjoin litigation in foreign courts, the standard is different. To obtain an anti-suit injunction, the applicant is not required to show a likelihood of success on the merits of the underlying claim. Rather, it need only demonstrate that the factors specific to an anti-suit injunction weigh in its favor. E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 991 (9th Cir. 2006). Those factors are: (1) whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined; (2) whether the foreign litigation would frustrate a policy of the forum issuing the injunction;[4] and (3) whether the impact on comity would be tolerable. Applied Med. Distribution v. Surgical Co. BV, 587 F.3d 909, 913 (9th Cir. 2009) (citing Gallo, 446 F.3d at 991, 994).

III. ANALYSIS

A. Immediate and Irreparable Harm

Enforcement of the Brazilian injunction would severely harm Vostu. As it stands today, Zynga and Vostu are competing in the Brazilian social gaming market. If the Brazilian injunction goes into effect and is enforced, Vostu must shut down four of its most popular games. A two-day

---

[4] The Gallo court indicated that a showing of the second factor could be replaced by any of the other three rationales anticipated by In re Unterweser Reederei Gmbh, 429 F.2d 888, 896 (5th Cir. 1970), aff'd on reh'g en banc, 446 F.2d 907 (1971). 446 F.3d at 990. That is, a showing that the foreign litigation frustrates a policy of the forum issuing the injunction could be replaced by a showing that the foreign litigation would be vexatious or oppressive, would threaten the issuing court's *in rem* or *quasi in rem* jurisdiction, or where the proceedings prejudice other equitable considerations. Id. (citing Seattle Totems Hockey Club, Inc. v. NHL, 652 F.2d 852, 855 (9th Cir. 1981) (citing Unterweser)).

server outage once caused Vostu to permanently lose fifteen percent of its users. Kafie Decl. ¶ 12. Vostu predicts, and Zynga does not dispute, that an indefinite shutdown by a court would do far worse. Id. at ¶¶ 13–14. A permanent loss of customers on that scale is not easily compensated after the fact by money damages. If a TRO does not issue, Vostu faces that prospect tomorrow. Accordingly, there is a likelihood of both immediate and irreparable harm that will upset the status quo.

### B. Balance of Hardships

If a TRO does issue, the hardship to Zynga would be to require it to tolerate the claimed copyright infringement—as it has done over the past several months and years—for the additional week or two that the order is in effect. As Zynga seeks damages here (and presumably in Brazil also), any further harm can be remedied if its claims are successful. On this TRO application, the Court finds that the balance of hardships tips sharply in Vostu's favor.

### C. The Merits of the Anti-Suit Injunction

*Whether the Parties are the Same*

Perfect identity of parties is not required for an anti-suit injunction. Rather, it suffices that the parties be affiliated in such a way that their interests coincide. See, e.g., Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd., 441 F. Supp. 2d 552, 562 (S.D.N.Y. 2006).

Zynga's complaint in this Court names as defendants the Vostu parent company (Vostu, Ltd.) and its two U.S. subsidiaries (Vostu LLC and Vostu USA, Inc.) Zynga's complaint in Brazil names the parent company., one of the two U.S. subsidiaries (Vostu USA, Inc.), the Brazilian subsidiary (Vostu Brazil), and Google's Brazilian subsidiary.[5] Both complaints name the parent company and the local subsidiary, and all Vostu entities appear to focus on the Brazilian social gaming market, where at least 70% of Vostu's users are located. Kafie Decl. ¶¶ 9–10.

Absent further factual showings of dissimilarity of situation or interests among the Vostu

---

[5] The Google subsidiary is apparently a defendant in the Brazilian action because some of Zynga's games are presented through Google's social platform Orkut. Luedtke Decl., Ex. J at ¶ 22 & n.14. In any event, any claim asserted against the Google subsidiary is derivative of the claims against Vostu.

4
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO

Case 5:19-cv-04074-EJD   Document 2-2   Filed 07/16/19   Page 6 of 9
Case 5:11-cv-02959-EJD   Document 60   Filed 08/11/11   Page 5 of 8

companies, the Court is satisfied that the parties are sufficiently the same for the anti-suit injunction inquiry.

### *Whether the Issues are the Same, and*
### *Whether This Action is Dispositive of the Brazilian Action*

Anti-suit injunctions are only appropriate when the domestic action is capable of disposing all of the issues in the foreign action—that is, when the issues are the same. Applied Med., 587 F.3d at 915. Zynga argues that because its Brazilian action claims infringement of Brazilian copyrights, the action in this Court—which claims infringement of its rights under U.S. copyright law—is distinct. Intellectual property rights, it contends, can be pursued in parallel because they are grants from the countries themselves rather than rights created by the parties themselves, for example by contract. Vostu responds that the purportedly copyrighted works and the alleged acts of copying are the same in both actions, and that Brazilian and American copyright law are essentially the same in all relevant respects. Vostu points to a recent Ninth Circuit case which holds that the issues need not be "identical," but only "functionally the same." Id. at 915–916.

The parties have raised a serious question of whether American and Brazilian copyrights on the same works are sufficiently "the same" as defined by the Ninth Circuit. This is exactly the sort of legal issue requiring close inspection that a TRO can afford the Court time to carefully consider.

### *Whether the Brazilian Litigation Would Frustrate a Policy of This Court*

There must be an animating reason for issuing an anti-suit injunction beyond the dry analysis of whether the parties and issues are sufficiently the "same." The Courts of Appeals disagree about what motives are satisfactory. Compare In re Unterweser Reederei Gmbh, 428 F.2d 888, 896 (5th Cir. 1970) (injunction appropriate "where the proceedings prejudice other equitable considerations"), with China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 36–37 (2d Cir. 1987) (requiring "caution and restraint"). The Ninth Circuit follows the Fifth Circuit's open-ended approach. Gallo, 446 F.3d at 991.

But one clear policy that all federal courts recognize—even those which have been loath to interfere with foreign proceedings—is the need to protect the court's own jurisdiction. See China Trade & Dev. Corp. at 36–37. The Brazilian injunction evidently purports to restrict all use of the

5
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO

works in suit everywhere. It appears that enforcement of the exceptionally broad Brazilian injunction would prevent this Court from meaningfully adjudicating the claims of U.S. copyright infringement in this case.

*Whether the Impact on Comity Would Be Tolerable*

The injunction issued in the Brazilian action is a grim backdrop against which to consider issues of comity. To be sure, Brazil has an important interest in enforcing its copyright laws. But Zynga—which chose the U.S. forum first—now seeks to enforce an injunction it obtained abroad that would paralyze this Court's ability to decide this case. Comity norms do not abide such a result.

Of course, the inclusion of this factor in the anti-suit injunction analysis is intended to measure the impact of this Court's decision on foreign jurisdictions, not the reverse. It deserves strong emphasis that a TRO would not enjoin the Brazilian court at all. Nor does a TRO from this Court cast doubt on or express any opinion about the wisdom of the Brazilian proceedings. Rather, a TRO would enjoin Zynga, which has submitted itself to the personal jurisdiction of this Court, from flouting this Court's jurisdiction. The fact that the flouting mechanism involves foreign courts is incidental.

D. Public Interest

The public has an interest in the enforcement of the copyright laws because they promote the creation of useful, interesting, and important works. Allowing infringement takes away the incentives of authorship. On the other hand, this case will directly affect the millions of users around the world—most of whom are in Brazil, some of whom are in the United States—who have invested time and money playing the parties' games. An injunction shuttering Vostu's games would frustrate a large segment of the public. At its core, though, this is a fight between two private companies for social gaming market share. This factor does not weigh heavily for or against granting the TRO.

IV. CONCLUSION

Vostu has raised "serious questions" going to the merits of whether an anti-suit injunction is proper, and the balance of hardships tips sharply in its favor. It faces immediate and irreparable harm, and the public interest does not weigh heavily on the matter. Vostu is therefore entitled to a

6
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO

1 temporary restraining order to preserve the status quo until the Court can fully entertain its request
2 for an anti-suit injunction.

3 The Court elects not to enjoin the Brazilian action in its entirety in order that the parties may
4 continue the appeal process which they appear to have already begun.

6 IT IS HEREBY ORDERED that Zynga, Inc. is RESTRAINED and ENJOINED from taking
7 any action, making any requests, or seeking in any way to enforce the injunction it obtained against
8 Vostu and Google in Brazil. Zynga is further RESTRAINED and ENJOINED from otherwise
9 seeking the imposition of sanctions against Vostu.

10 Zynga is further ORDERED TO SHOW CAUSE why the Court should not issue an anti-suit
11 injunction to restrain Zynga from pursuing the Brazilian Action and to require Zynga to request the
12 dismissal or stay of that litigation pending the outcome of the action currently pending before this
13 Court. Zynga may file a brief on the Order to Show Cause to supplement its filings on the instant
14 application of at most 10 pages not later than Tuesday, August 16, 2011. Vostu may file a responsive
15 brief to supplement its filings on the instant application of at most 10 pages not later than Thursday,
16 August 18, 2011. The parties are directed to tailor those briefs to the legal issues raised in Part III.C
17 of this Order, and shall presume the Court's familiarity with the facts as presented to date. The page
18 limits set do not apply to exhibits. The preliminary injunction hearing shall be held at 10:00 A.M. on
19 Tuesday, August 23, 2011 in Courtroom 1, Fifth Floor, 280 S. First St., San Jose, CA. At the
20 hearing, the Court will request to be brought up to date on the status of the Brazilian action.

21 Vostu's motion to file a reply brief in support of its application for this TRO is DENIED AS
22 MOOT.

23 The injunctive provisions of this Order shall expire at 2:00 P.M. PDT on August 23, 2011.
24 **IT IS SO ORDERED.**

26 Dated: August 11, 2011, 6:30 P.M. PDT



EDWARD J. DAVILA
United States District Judge

7
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew P. Bridges abridges@winston.com
Carolyn Hoecker Luedtke carolyn.luedtke@mto.com
Carolyn Veronica Zabrycki carolyn.zabrycki@mto.com
David K. Caplan dcaplan@kmwlaw.com
Dennis LeRoy Wilson dwilson@kmwlaw.com
Jennifer A. Golinveaux jgolinveaux@winston.com
Jonathan Hugh Blavin jonathan.blavin@mto.com
Kelly Max Klaus kelly.klaus@mto.com
Larry Wayne McFarland lmcfarland@kmwlaw.com
Mark Russell Conrad Mark.Conrad@mto.com
Ronald Leroy Olson ron.olson@mto.com
Tara D Rose trose@kmwlaw.com

Dated: August 11, 2011                    Richard W. Wieking, Clerk

                                          By:     /s/ EJD Chambers
                                                  Elizabeth Garcia
                                                  Courtroom Deputy

8
CASE NO. 11-CV-02959-EJD
ORDER GRANTING IN PART APPLICATION FOR TRO