UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ACEWORLD HOLDINGS PTY LTD, et al.,<br><br>Defendants. | Case No. 5:19-cv-04074-EJD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 2 |

**I.     Introduction and Background**

Lockheed Martin Corporation ("Lockheed") has filed a complaint and an ex parte application for a temporary restraining order against ten defendants who are a mix of Australian residents, Australian companies, one Delaware company operating in Australia, and one California citizen. Lockheed asks the Court to issue an anti-suit temporary restraining order to prohibit Defendants from bringing litigation concerning a nonparty company against Lockheed in Australia. For the reasons set forth below, the Court grants the temporary restraining order and orders Defendants to show cause why a preliminary injunction should not issue.

The nonparty company at the center of this dispute is a Delaware corporation called Collinear Networks, Inc. ("Collinear"). Collinear's principal place of business is in Santa Clara, California, and it also has offices in Santa Cruz. Compl. ¶ 8. Collinear is a technology company aiming to develop products to quickly and reliably transmit data over far distances. *Id.* ¶ 22. In December 2014, Lockheed contracted with Collinear to assist in developing its technology. *Id.* ¶ 23. Defendants invested in Collinear from late 2014 through the first half of 2018. *Id.* ¶¶ 24-35.

According to Lockheed's allegations, Defendants have asserted that Lockheed participated in the meetings and helped to prepare the materials that led Defendants to invest in Collinear. *Id.* ¶¶ 25-27. In or around November 2018, Defendants engaged Lockheed in negotiations for Lockheed to make a significant equity investment in Collinear. *Id.* ¶ 36. During these negotiations Defendants threatened Lockheed with litigation in Australia arising from purported misrepresentations about Collinear's products that Collinear made with Lockheed's assistance. *Id.* ¶¶ 3, 37-39; Pl.'s Mem. P. & A. in Supp. of Appl. for TRO ("Mem.") at 2. These purported misrepresentations led Defendants to invest in Collinear. Mem. at 12. Defendants went so far as to cite three Australian statutes under which they could bring claims against Lockheed and to represent that they had already spent money on "the litigation side." Compl. ¶¶ 38-39. On July 11, 2019, Defendants presented Lockheed with an ultimatum in the form of a final offer. *Id.* ¶ 39. Lockheed did not accept it. *Id.* Lockheed believes that Defendants will imminently bring litigation against it in Australia. *Id.* ¶¶ 39-40.

Each Defendant executed Collinear's Adoption Agreement. *Id.* ¶¶ 12-21; Ex. B. The Adoption Agreement provides that it was executed by the Defendants "pursuant to the terms of that certain Shareholders Agreement dated as of September 27, 2013." Ex. B. It further provides that that Defendants "acknowledge[] that [they are] acquiring certain equity securities of the Company (the 'Equity Securities') subject to the terms and conditions of the [Shareholders] Agreement," that "the Equity Securities acquired by [Defendants] shall be bound by and subject to the terms of the [Shareholders] Agreement" and that Defendants adopted "the [Shareholders] Agreement with the same force and effect as if [Defendants] were originally [] Shareholder[s] thereto." *Id.* §§ 1-2. The Shareholders Agreement contains clauses on forum selection and choice of law. On choice of law, it provides,

> This Agreement and any claim, controversy or dispute arising under or related thereto . . . and/or the interpretation and enforcement of the rights and duties of the parties, whether arising in Law or in equity, in contract, tort or otherwise, shall be governed by, and construed and interpreted in accordance with, the Laws of the State of Delaware without regard to its rules regarding conflicts of Law to the extent that the application of the Laws of another jurisdiction

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION
2

would be required thereby.

Ex. A § 4.9. On forum selection, it provides,

> Each party (a) irrevocably and unconditionally submits to the personal jurisdiction of the federal and state courts of the United States in each and every jurisdiction where venue is proper with respect to such party . . . (b) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, (c) agrees that any actions or proceedings arising in connection with this Agreement or the transactions contemplated by this Agreement shall be brought, tried and determined only in such courts . . . and (e) agrees that it will not bring any action relating to this Agreement or the transactions contemplated by this Agreement in any court other than the aforesaid courts.

*Id.* § 4.11. Lockheed has executed neither the Adoption Agreement nor the Shareholders Agreement.

## II. Discussion

This matter raises three questions: (1) Can Lockheed bring this application for a temporary restraining order ex parte? (2) Does the Shareholders Agreement prevent Defendants from bringing claims concerning their investments in Collinear against Lockheed in a foreign court? And (3) is Lockheed entitled to an anti-suit temporary restraining order? The Court addresses each in turn.

### a. Ex Parte Proceedings

The Federal Rules provide that a court may grant an application for a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). As an initial matter, the Court notes that Lockheed has filed the appropriate verified complaint and attorney certification. Dkt. No. 1, 2-4. Lockheed's complaint and the supporting exhibits sufficiently show that it faces immediate and irreparable harm if a temporary restraining order does not issue. Lockheed alleges that, without a temporary restraining order, Defendants are likely to file ex parte suit against it in Australia despite the forum selection clause. *See* Ex. A § 4.11; *see infra* § II.b (discussing why the

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

3

forum selection clause applies to the threatened litigation against Lockheed). Such action by Defendants would render this proceeding "fruitless." *See Reno Air Racing Ass'n. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The purpose of a temporary restraining order issued ex parte is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Reno*, 452 F.3d at 1131. Providing notice to Defendants would allow them to seek ex parte relief in Australia—disturbing the status quo and harming Lockheed—before this court can hear from all parties.

### b. The Shareholders Agreement

A purpose of forum selection clauses is to "dispel[] any confusion about where suits arising from the contract must be brought and defended." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006). Here, Defendants agreed not only that any litigation relating to their investments in Collinear should occur in the United States, but also that they would not bring any such litigation in other forums. Ex. A § 4.11. The Court finds that the terms of the Shareholders Agreement are broad enough to cover the claims allegedly threatened by Defendants. *Id.* §§ 4.9 ("*any* claim, controversy or dispute arising under or related thereto . . . and/or the interpretation and enforcement of the rights and duties of the parties, *whether arising in Law or in equity, in contract, tort or otherwise*"), 4.11 ("*any* actions or proceedings arising in connection with this Agreement or the transactions contemplated by this Agreement"); Compl. ¶ 3. The Court further finds that those claims should be governed by Delaware law, as provided for in the Shareholders Agreement. Ex. A § 4.9.

The Court now considers whether, under Delaware law, Lockheed—a non-signatory to the Shareholders Agreement—may enforce its forum selection clause on Defendants. "It makes sense that a signatory to an agreement, who has endorsed and consented to be bound by such agreement, should generally be bound by a forum selection clause in that agreement." *Aviation W. Charters, LLC v. Freer*, 2015 WL 5138285, at *5 (Del. Super. Ct. July 2, 2015). "Delaware law . . . allows non-signatories to invoke [forum selection] provisions in cases where they are closely related to one of the signatories such that the non-party's enforcement of the clause is foreseeable by virtue

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION
4

of the relationship between the signatory and the party sought to be bound." *Lexington Servs. Ltd. v. U.S. Pat. No. 8019807 Delegate, LLC*, 2018 WL 5310261, at *5 (Del. Ch. Oct. 26, 2018). Here, Lockheed's enforcement of the forum-selection in connection to litigation threatened by Defendants was foreseeable because (1) Defendants, allegedly, assert that Lockheed misled them into investing in Collinear, (2) Lockheed, purportedly, took part in the initial investment presentations to Defendants, (3) Lockheed hosted demonstrations of Collinear's technology to Defendants. Compl. ¶¶ 3, 25-27. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 219 (3d Cir. 2015); *Ashall Homes Ltd. v. ROK Ent. Grp.*, 992 A.2d 1239, 1249 (Del. Ch. 2010). The Court finds that Lockheed may invoke the forum selection clause of the Shareholder Agreement.

   c. **Anti-Suit Temporary Restraining Order**

In the Ninth Circuit, courts consider a three factor analysis for anti-suit injunctions: (1) "whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined," (2) whether the foreign litigation would "frustrate a policy of the forum issuing the injunction," and (3) "whether [the injunction's] impact on comity [is] tolerable." *Applied Med. Distrib. Co. v. Surgical Co. BV*, 587 F.3d 909, 915, 918, 919 (9th Cir 2009). For the first step, the Ninth Circuit has explained that, where the parties are the same, "to the extent the domestic action is capable of disposing of all the issues in the foreign action and all the issues in the foreign action fall under the forum selection clause, the issues are meaningfully 'the same.'" *Id.* at 915. Lockheed alleges that Defendants are the same parties that have threatened it with litigation in Australia. The Court has already found that the scope of the Shareholders Agreement's forum selection provision encompasses any tort claims that Lockheed misled Defendants into investing in Collinear. Litigating those claims in the U.S. would dispose of any issues to be tried in Australia, and injunctive relief enforcing the forum selection clause on any such claims would defeat jurisdiction in Australian courts. The first factor has been met.

Turning to the second factor, the Ninth Circuit has recognized a "strong policy favoring robust forum selection clauses." *Id.* at 918–19. In *Applied Medical Distribution*, the Ninth Circuit

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

5

stated that "the vitality of forum selection clauses would be impermissibly and improvidently jeopardized" without anti-suit injunctions. *Id.* at 919. The Court finds that the second factor has been met. As to the third factor, the Court finds that comity is not implicated. First off, no lawsuit has been filed in Australia, so there can be no disruption of Australian proceedings. Second, the threatened litigation would contravene the Shareholder Agreement forum selection. Enjoining such a contravention of a forum selection clause "does not implicate comity." *Id*. at 920.

Ninth Circuit case law is a bit unclear as to whether the traditional preliminary injunction factors, as laid out in *Winter v. Natural Resources Defense Council, Inc.*, apply to anti-suit injunctions. 555 U.S. 7 (2008). Under *Winter*, a party moving for a traditional preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The *E. & J. Gallo* case indicates that, at minimum, the party moving for an anti-suit injunction need not show a likelihood of success on the merits of the underlying claims. 446 F.3d at 991. The *Applied Medical Distribution* case does not address the *Winter* factors at all. 587 F.3d 909. In the interest of completeness, this Court addresses the irreparable harm, balance of hardships, and public interest factors.

First off and as already discussed, Lockheed faces immediate and irreparable harm if a temporary restraining does not issue. That factor supports granting relief. Next, the balance of hardships weighs in favor of relief. Defendants have already and unquestionably agreed to litigate matters arising from their investments in Collinear in the United States provided that Collinear is the opposing party. Litigating here against Lockheed should not impose any greater hardship. Additionally, a temporary restraining order will only prevent Defendants from suing Lockheed for a brief period. A much greater hardship would be to allow Lockheed to be forced into court in Australia, where it has not affirmatively consented to litigation in connection with its relationship with Collinear. Finally, the Court finds that the public interest weighs heavily in favor of enforcing forum selection clauses. This interest aligns with the Ninth Circuit's strong policy in favor of enforcing forum selection clauses discussed above. The *Winter* factors favor granting the

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

6

temporary restraining order.

**III.  Conclusion and Order**

For the reasons discussed above, the application is granted.

IT IS THEREFORE ORDERED THAT Defendants AMB Property (Providence) Pty Ltd.; Ivoryrose Holdings Pty Ltd., as Trustee for The Ashforth Superannuation Fund; and Michael F. Ashforth (collectively, the "AMB Defendants"); Aceworld Holdings Pty Ltd.; Khaki Investments Pty Ltd.; Marbruck Investments, LLC; TFW Corporate Pty Ltd.; Kemper B. Shaw; and James D. Taylor (collectively, the "Marbruck Defendants"); and Hoperidge Enterprises Pty Ltd., as Trustee for the Jones Family Trust ("Hoperidge," and collectively with the AMB Defendants and Marbruck Defendants, "Defendants") and their affiliates, officers, directors, shareholders, employees, and any other persons who are in active concert or participation with them, whether acting directly or indirectly, in the United States or abroad, shall not file claims or initiate litigation against Lockheed Martin, its affiliates, officers, directors or employees, relating to the Defendants' investments in Collinear Networks, Inc. ("Collinear") in a jurisdiction other than one in the United States until August 1, 2019, at 12:00 p.m. PDT.

IT IS FURTHER ORDERED THAT Defendants and their affiliates, officers, directors, shareholders, employees, and any other persons who are in active concert or participation with them, whether acting directly or indirectly, in the United States or abroad, shall not seek to enjoin in a foreign tribunal Lockheed Martin from either (i) securing the anti-suit injunctive relief ordered in this Order or (ii) securing any available relief in United States courts regarding potential claims against Lockheed Martin relating to the Defendants' investments in Collinear until August 1, 2019, at 12:00 p.m. PDT.

IT IS FURTHER ORDERED THAT:

1. Defendants shall show cause before the Honorable Edward J. Davila, Judge of the above-entitled Court, on August 1, 2019 at 9:00 a.m. or as soon thereafter as the parties may be heard, in Courtroom 4, located in the Robert F. Peckham Federal Building Courthouse on the 5th floor at 280 South 1st Street, San Jose, CA 95113, concerning why a preliminary injunction should

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION
7

not issue against Defendants enjoining them, pending the final hearing and determination of this action, from such activities as is described above and as Defendant has been temporarily enjoined from;

2. Plaintiff, or its authorized agents, is directed to serve a copy of this Order upon Defendants by 11:59 p.m. PDT on July 19, 2019, which shall constitute sufficient service of process thereof;

3. Defendants shall have until 11:59 p.m. PDT on July 25, 2019, to file with this Court and serve on Lockheed Martin's counsel, John S. Williams, Williams & Connolly LLP, 725 12th Street, N.W., Washington, DC 20005, any points of authorities, affidavits or declarations, or other evidence in opposition to the Order to Show Cause Regarding Preliminary Injunction;

4. Plaintiff shall have until 11:59 p.m. PDT on July 29, 2019, to file with this Court and serve on Defendants' counsel any points of authorities, affidavits or declarations, or other evidence in support of the Order to Show Cause Regarding Preliminary Injunction;

5. This Order shall expire on its own terms on August 1, 2019, at 12:00 p.m. PDT, unless further extended by Order of this Court; and

6. For good cause shown and upon written application to the Court, this Order may be extended for a longer period determined by the Court.

SO ORDERED THIS 18th day of July, 2019, at 2:30 p.m. PDT.

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-04074-EJD
ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

8